UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIBER-SHIELD INDUSTRIES INC.;
and LAVAME LLC,

                            Plaintiffs,          **MEMORANDUM AND ORDER**

v.                                                     2:20-cv-6059 (RPK) (SIL)

FABRICSHIELD HOLDINGS, LLC; and
THE FABRICSHIELD LLC,

                            Defendants.
-----------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiffs Fiber-Shield Industries Inc. and Lavame LLC bring this action against defendants FabricShield Holdings, LLC and The FabricShield LLC alleging trademark infringement and related claims under state and federal law. Defendants have moved to dismiss or transfer the case based on *forum non conveniens* or, in the alternative, to dismiss plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(6). For the reasons stated below, plaintiffs' trademark dilution claim is dismissed, and defendants' motion is otherwise denied.

## BACKGROUND

      The following facts are taken from the Amended Complaint (Dkt. #37) and are assumed true for purposes of this order.

      Since 1981, plaintiffs have manufactured, developed, marketed, and sold "Fiber-Shield chemicals and treatments." Am. Compl. ¶¶ 9, 11 (capitalization altered). These products provide "water-resistant, dirt-resistant, stain-resistant, and oil resistant" protection for "fabric, carpet, leather, suede, wood, concrete, masonry materials, automotive painted surfaces, glass, and fiberglass." *Ibid*.

In 1987, plaintiffs obtained from the United States Patent and Trademark Office a word mark for "FIBER-SHIELD," which has since become "incontestable." *Id.* at ¶¶ 12, 15; *see* Am. Compl., Ex. 1 (Dkt. #37-1). Plaintiffs advertise Fiber-Shield on at least three third-party websites, reaching New York and "all of New England." Am. Compl. ¶¶ 16–20.

# FIBER-SHIELD[1]



[2]

Defendants make, market, and sell—or intend to make, market, and sell—"FabricShield fabric protectants for upholstery, rugs, carpets, and draperies" as well as "FabricShield stain-resistant treatment of upholstery, rugs, carpets, and draperies." *Id.* at ¶ 27 (capitalization altered). On their website and Instagram account, defendants "target[] consumers, designers, and architects all over the United States, including . . . the state of New York." *Id.* at ¶ 30. And on an episode of the "#1 Rated Interior Design Business Podcast on iTunes," defendants stated that their business covered "the New York . . . metro area[]." *Id.* at ¶¶ 37, 39.



[3]

---

[1] FIBER-SHIELD, U.S. Registration No. 1,429,690.
[2] *See* Am. Compl., Ex. 3 (Dkt. #37-3).
[3] *See* Am. Compl., Ex. 6 (Dkt. #37-6).

Plaintiffs filed this action in December 2020.  *See* Compl. (Dkt. #1).  The operative amended complaint asserts six causes of action: (1) trademark infringement and unfair competition under 15 U.S.C. § 1114, (2) unfair competition via false designation of origin under 15 U.S.C. § 1125(a), (3) unfair competition via confusion, mistake, and/or deception under 15 U.S.C. § 1125(a), (4) trademark dilution under 15 U.S.C. § 1125(c), (5) trademark infringement and unfair competition under New York state law, and (6) cancellation of trademark registration under 15 U.S.C. § 1064.  Am. Compl. ¶¶ 54–91.

Defendants have moved to dismiss or transfer the case on grounds of *forum non conveniens*, or, in the alternative, to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

Defendants' motion to dismiss or transfer this case on *forum non conveniens* grounds is denied.  Defendants' motion to dismiss for failure to state a claim is granted with respect to plaintiffs' trademark-dilution claim and is otherwise denied.

**I.     *Forum Non Conveniens* and Transfer under 28 U.S.C. § 1404(a)**

Defendants' motion to dismiss or transfer this action to the Eastern District of Pennsylvania on *forum non conveniens* grounds is denied.  *See* Mot. to Dismiss 3–4 (Dkt. #39).  "The common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad and perhaps in rare instances where a state or territorial court serves litigational convenience best."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (quotation marks, citation, and brackets omitted).  Because the Eastern District of Pennsylvania is not an international, state, or territorial forum, the common-law doctrine of *forum non conveniens* does not apply.  *See, e.g.*, *Shaver v. Medicom Worldwide, Inc.*, No. 18-

CV-5700 (DLC), 2018 WL 6200042, at *2 n.1 (S.D.N.Y. Nov. 28, 2018) (denying motion to dismiss on *forum non conveniens* grounds because defendant preferred "a federal forum in Pennsylvania"); *Ideavillage Prods. Corp. v. Bling Boutique Store*, No. 16-CV-9039 (KMW), 2017 WL 1435748, at *1 (S.D.N.Y. Apr. 21, 2017) (denying *forum non conveniens* dismissal where the "alternative forum [d]efendants [chose] is the District of New Jersey, which is not an international forum"); *Rosen v. Ritz-Carlton Hotel Co. LLC*, No. 14-CV-1385 (RJS), 2015 WL 64736, at *1 (S.D.N.Y. Jan. 5, 2015) ("[T]he alternative forum is the District of Puerto Rico, a 'sister federal court,' and therefore the doctrine of forum non conveniens is inapplicable.").

Nor is a transfer under 28 U.S.C. § 1404(a) appropriate. "Where, as here, a defendant has moved for dismissal under *forum non conveniens* but the proposed alternative forum is a sister federal court . . . the court may consider whether transfer is appropriate under § 1404(a)." *Khankhanian v. Khanian*, No. 16-CV-8396 (JFK), 2017 WL 1314124, at *5 (S.D.N.Y. Apr. 6, 2017). Under that provision, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding whether to transfer a case under Section 1404(a), a district court "should consider 'inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."

4

*D.H. Blair & Co.*, 462 F.3d at 106. In assessing the issue, the Court may consider factual material outside the pleadings. *See 632 Metacom, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-CV-3905 (RA), 2021 WL 394847, at *1 (S.D.N.Y. Feb. 4, 2021).

On balance, the factors in Section 1404(a) favor keeping the action in this district. As to the first factor, "a plaintiff's choice of forum is entitled to substantial deference." *Khankhanian*, 2017 WL 1314124, at *6. The second factor, too, favors plaintiffs. Defendants submit no evidence "specify[ing] the key witnesses to be called" or stating "what their testimony will cover," *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990), whereas plaintiffs submit a declaration identifying eight witnesses residing in this district, Decl. of Emmanuel J. Vickers ("Vickers Decl.") ¶¶ 8–10 (Dkt. #40-1). Plaintiffs' declaration likewise provides evidence that the third factor favors them, because it avers that "[a]ll of [plaintiffs'] documents," including distributorship agreements and accounting documents, "are stored and maintained at [plaintiffs'] facilities, located" in this district. *Id.* at ¶¶ 11–13. Defendants, by contrast, are silent on the third factor.

Several other factors are neutral. The fourth factor, the convenience of the parties, is generously assumed to be neutral. On the one hand, "[t]he convenience of the parties is often connected to the convenience of their respective witnesses" such that "when the convenience of witnesses weighs in one direction, the convenience of the parties will likely weigh in that direction as well." *Rosen*, 2015 WL 64736, at *3 (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549–50 (S.D.N.Y. 2008)). Only plaintiffs have attached evidence concerning the convenience of both the parties and witnesses. But, on the other hand, defendants suggest litigating the action in the Eastern District of New York would work a "hardship" on them. Mot. to Dismiss 4. The parties do not address the sixth factor, "the availability of process to compel the attendance

5

of unwilling witnesses," so the Court assumes this factor is also neutral. Further, though "not part of the formal § 1404(a) inquiry," considerations of "judicial economy and the interest of justice" are neutral as well. *Rosen*, 2015 WL 64736, at *5. This action has not yet progressed past the motion-to-dismiss phase, so that "a new court . . . familiariz[ing] itself with the facts of the case" would not be especially onerous. *Khankhanian*, 2017 WL 1314124, at *7 (quoting *Rosen*, 2015 WL 64736, at *5).

The fifth factor, at the very most, only slightly favors defendants. "In trademark infringement cases, courts have taken different approaches as to what constitutes the locus of operative facts. Some courts in this circuit have held that 'the locus of operative facts [is] in the initially chosen forum if acts of infringement . . . occur in that forum.'" *N. Food I/E, Inc. v. OCM Globe Inc.*, No. 21-CV-1813 (MKB), 2022 WL 2812204, at *12 (E.D.N.Y. Mar. 28, 2022) (quoting *Kiss My Face Corp. v. Bunting*, No. 02-CV-2645 (RCC), 2003 WL 22244587, at *3 (S.D.N.Y. Sept. 30, 2003)) (collecting cases); *see ESPN*, 581 F. Supp. 2d at 549. Under this standard, the fifth factor favors plaintiffs because the Amended Complaint is replete with allegations that acts of infringement occurred in New York. *See, e.g.*, Am. Compl. ¶¶ 30, 37–39, 41, 43. "Other courts in this Circuit have questioned this rule," however, finding that "where the allegedly infringing product was designed and developed can be a relevant consideration." *N. Food I/E, Inc.*, 2022 WL 2812204, at *12 (citation omitted). But even if the latter standard applies, this factor only slightly favors defendants because the fact that "the allegedly infringing product was designed and developed" in the Eastern District of Pennsylvania is counterbalanced by plaintiffs' many allegations that defendants committed acts of infringement in New York. *See Accantia Grp. Holdings v. Food Mkt. Merch., Inc.*, 908 F. Supp. 2d 439, 442 (S.D.N.Y. 2012) ("That the goods in question are designed and manufactured elsewhere reduces this factor's weight

6

in the Court's calculus," but "the Court is persuaded that New York is the locus of operative facts because the allegedly infringing products are marketed and sold in New York.").

The seventh factor—the relative means of the parties—appears to favor defendants. They contend they are a "two-person business that has only been in operation for a handful years" and that trying this case "across state lines" would be burdensome. Mot. to Dismiss 4. But even assuming this factor favors defendants, the analysis does not tilt in favor of transfer. Accordingly, defendants' motion to transfer is denied.

## II.      Failure to State a Claim

Defendants alternatively move to dismiss plaintiffs' claims under Rule 12(b)(6). As explained below, that motion is granted as to plaintiffs' trademark-dilution claim, but it is denied as to plaintiffs' remaining claims.

### A.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits defendants to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a probability requirement," but it requires plaintiffs to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)) (quotation marks omitted). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

When considering a motion under Rule 12(b)(6), a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference,

7

(iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). The court must accept all facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678–79.

## B. Trademark Infringement Under the Lanham Act

Defendants' motion to dismiss is denied with respect to plaintiffs' claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a). To establish a claim under "§ 1114 of the Lanham Act, plaintiff in a trademark infringement action must show that defendant (1) without consent, (2) used in commerce, (3) a reproduction, copy or colorable imitation of plaintiff's registered mark, as part of the sale or distribution of goods or services, and (4) that such a use is likely to cause confusion." *Gruner + Jahr USA Pub., a Div. of Gruner + Jahr Printing & Pub. Co. v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993).

Defendants contend that plaintiff's trademark-infringement claim should be dismissed because plaintiffs fail to adequately plead a likelihood of confusion—"the key element" in a trademark infringement suit. *Id.* at 1075. To determine whether there is a likelihood of confusion, courts apply Judge Friendly's eight-factor balancing test from *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961), examining the

> (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.

8

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009); *see Polaroid*, 287 F.2d at 495. "The likelihood of confusion test is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss." *Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 412 (S.D.N.Y. 2006). "[W]hen applying the *Polaroid* factors to determine likelihood of confusion at a motion to dismiss stage, courts have not required all factors to be addressed in order to find adequate pleading of a likelihood of confusion." *World Trade Ctrs. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-7411 (LTS), 2016 WL 8292208, at *2 (S.D.N.Y. Dec. 15, 2016).

Taking the allegations in the Amended Complaint as true, enough *Polaroid* factors weigh in favor of a likelihood of confusion to make plaintiffs' claim plausible. As to the first factor, although plaintiff's mark may be merely descriptive, *see Safeway Stores, Inc. v. Safeway Props., Inc.*, 307 F.2d 495, 498 (2d Cir. 1962), the mark's incontestable status "imbues the mark with at least some modicum of strength," *Easy Spirit, LLC v. Skechers U.S.A., Inc.*, 515 F. Supp. 3d 47, 72 (S.D.N.Y. 2021) (citing *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 961 (2d Cir. 1996)). As to the second factor, the marks are "strikingly similar, possessing a strong visual and phonetic resemblance and . . . are almost identically named." *Syntex Labs., Inc. v. Norwich Pharmacal Co.*, 437 F.2d 566, 569 (2d Cir. 1971) (citation and quotation marks omitted). "Fiber-Shield" and "FabricShield" are twelve-character, two-word compound terms where the first word is a textile term beginning with the letter "F" and the second is the word "Shield." Defendants emphasize the differences in the two logos, *see* Mot. to Dismiss 8, but plaintiffs' "mark stretches beyond the logo to the words" themselves, *see The Sports Auth., Inc.*, 89 F.3d at 962. As to the third and fourth factors, the products' markets are close: plaintiffs manufacture "chemicals and treatments that are water-resistant, dirt-resistant, stain-resistant, and oil resistant, for use in

9

industrial, commercial and residential applications," whereas defendants sell "fabric protectants for" and "stain-resistant treatment of upholstery, rugs, carpets, and draperies." Am. Compl. ¶¶ 11, 27. On balance, a likelihood of confusion is plausible, and so the infringement claim survives.

### C.     False Designation of Origin and Unfair Competition under the Lanham Act

Defendants' motion to dismiss is also denied with respect to plaintiffs' claims of false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Such claims are analyzed under the same test as is used for claims for infringement under the Lanham Act. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) ("A claim of trademark infringement, whether brought under 15 U.S.C. § 1114(1) . . . or 15 U.S.C. § 1125(a) . . . is analyzed under the [same] test."); *see also, e.g. Mattel, Inc. v. Arming,* No. 18-CV-8824 (LAP), 2021 WL 3683871, at *5 (S.D.N.Y. Aug. 18, 2021); *Richemont N. Am., Inc. v. Huang,* No. 12-CV-4443 (KBF)*,* 2013 WL 5345814, at *5 n.15 (S.D.N.Y. Sept. 24, 2013); *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical."). As explained above, defendants have not shown that plaintiffs' allegations are deficient under that test.

Defendants nevertheless argue that plaintiffs fail to state a Section 1125(a) claim because plaintiffs do not allege that defendants used plaintiffs' mark. *See* Mot. to Dismiss 10. But marks need only "closely resemble[]" each other to implicate Section 1125(a). *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 144 (2015) (stating that "[t]he owner of a mark, whether registered or not, can bring suit in federal court if another is using a mark that too closely resembles the plaintiff's") (citing Section 1125(a)). That close resemblance is plaintiffs' theory of the case. *See* Am. Compl. ¶ 45 ("Plaintiffs' FIBER-SHIELD mark and Defendants' FABRICSHIELD mark are very similar."). Accordingly, defendants' argument fails.

### D. Trademark Dilution Under the Lanham Act

Defendants' motion to dismiss plaintiffs' claim for federal trademark dilution is granted. Section 1125(c) "permits the owner of a 'famous mark that is distinctive' to enjoin a person from using a 'mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark.'" *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 211 (S.D.N.Y. 2015) (quoting 15 U.S.C. § 1125(c)). "Fame" is the "key ingredient" to any dilution claim. *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 449 (2d Cir. 2004). A mark qualifies as famous only if "it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). In assessing fame, the statute sets forth four factors to consider:

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties[;] (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark[;] (iii) The extent of actual recognition of the mark[; and] (iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

*Ibid.*.

Plaintiffs have not adequately pleaded the fame of their mark. The statute's use of "the phrase 'widely recognized by the general consuming public of the United States' 'was intended to reject dilution claims based on niche fame, *i.e.* fame limited to a particular channel of trade, segment of industry or service, or geographic region.'" *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 841 F. Supp. 2d 753, 757–58 (S.D.N.Y. 2012) (quoting *Dan–Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 307 n.90 (S.D.N.Y. 2007)). And plaintiffs have not pleaded facts supporting an inference that their mark's fame extends further than the niche textile-treatment industry in New York and New England. *See* Am. Compl. ¶¶ 9, 16, 20, 24. Indeed, plaintiffs allege that their mark "is well known to the relevant consuming public and trade," *id.* at ¶ 24, but

11

they do not make similar allegations about the consuming public writ large. Courts have held comparable allegations insufficient to plead fame. *See, e.g.*, *Heller Inc. v. Design Within Reach, Inc.*, No. 09-CV-1909 (JGK), 2009 WL 2486054, at *4 (S.D.N.Y. Aug. 14, 2009) (finding a mark was not famous where it was only alleged to be "well known to the 'relevant public interested in contemporary furniture'"); *Luv N' Care*, 841 F. Supp. 2d at 757 (dismissing dilution claim when "[a]t best, plaintiffs plead fame among baby product consumers"). And plaintiffs fail to allege other facts that might support an inference of wide recognition by the general consuming public— for instance, by asserting the "amount [or] volume" of their sales, their "advertising budget[,] or the strength of [their] consumer recognition in the general population." *Heller*, 2009 WL 2486054, at *4. Defendants motion to dismiss plaintiffs' federal dilution claim is accordingly granted.

### E. State Law Claims

Defendants' motion to dismiss is denied with respect to plaintiffs' claims of trademark infringement and unfair competition under New York law. Under New York law, claims of trademark infringement "are adjudged using the same standard" as Lanham Act infringement claims. *Easy Spirit, LLC v. Skechers U.S.A., Inc.*, 515 F. Supp. 3d 47, 70 (S.D.N.Y. 2021); *see VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 366 (E.D.N.Y. 2014); *Pulse Creations, Inc. v. Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 54 (S.D.N.Y. 2015) ("The elements of trademark infringement under New York law mirror those for the Lanham Act, and as a result these claims may be analyzed together."). Likewise, the elements of a common-law unfair competition claim are "virtually identical" to those for an unfair competition claim under the Lanham Act. *TechnoMarine SA v. Jacob Time, Inc.*, 2012 WL 2497276, at *5 (S.D.N.Y. June 22, 2012). Accordingly, for the same reasons discussed above, plaintiffs' state-law claims survive. *See, e.g.*, *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15-CV-6015 (DRH) (AYS), 2017 WL

112515, at *5 (E.D.N.Y. Jan. 11, 2017); *Elastic Wonder, Inc. v. Posey*, No. 13-CV-5603, 2015 WL 273691, at *5 n.5 (S.D.N.Y. Jan. 22, 2015).

Defendants offer no persuasive counterargument.  First, defendants argue that plaintiffs "have not alleged any specific conduct by The FabricShield defendants that occurred in New York State so it is unclear how those Defendants have violated New York state law."  Mot. to Dismiss 13.  But as discussed above, *see* p. 5, *supra*, the Amended Complaint includes several allegations that defendants committed infringing acts in New York.  *See* Am. Compl. ¶¶ 30, 37–39, 41, 43.

Next, defendants contend that plaintiffs support their state law claims with only "threadbare allegation[s]" that "fail[] the minimal requirement of notice pleading."  Mot. to Dismiss 14.  But plaintiffs' state-law claims cross-reference and incorporate plaintiffs' allegations in support of their federal claims for trademark infringement and unfair competition.  *See* Am. Compl. ¶ 74.  This cross-referencing provides adequate notice of the substance of plaintiffs' state-law claims because, as noted above, the federal and state causes of action are virtually identical.

Finally, defendants contend that plaintiffs' parallel state claims for infringement and unfair competition "fail for the same reasons that [plaintiffs'] federal claims should fail."  Mot to Dismiss 14.  But as explained above, defendants have not identified a deficiency in the pleading of plaintiffs' federal infringement and unfair-competition claims.  Accordingly, plaintiffs' state-law claims for infringement and unfair competition will not be dismissed on that ground, either.

F.  **Cancellation of Trademark Registration**

Finally, defendants' motion to dismiss is also denied with respect to plaintiffs' claim seeking cancellation of defendants' trademark.  The Lanham Act provides that "[i]n any action involving a registered mark the court may . . . order the cancelation of registrations, in whole or in part."  15 U.S.C. § 1119.  Under this provision, within five years of a defendant's trademark registration, *see Id.* § 1064(1), the plaintiff in a trademark suit may seek the cancellation of the

13

defendant's registration if "(1) [plaintiff] has standing to bring a cancellation claim, and (2) there are valid grounds for why the registration should not continue to be registered." *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 333 (S.D.N.Y. 2015) (quoting *Citigroup Inc. v. City Holding Co.*, No. 99-CV-10115 (RWS), 2003 WL 282202, at \*14 (S.D.N.Y. Feb. 10, 2003)); *see Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000). A plaintiff has standing if it "has a real commercial interest in its own marks and a reasonable basis for its belief that it would be damaged in the absence of cancellation." *Citigroup Inc.*, 2003 WL 282202, at \*15. The standard is met where, as here, "plaintiff is using the same or a similar mark for the same or similar goods." *Ibid.* (citing *Selva & Sons, Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 1326 (Fed. Cir. 1983)).

Defendants fall short in contending that plaintiffs have not adequately pleaded valid grounds why defendants' registration should not continue to be registered. Valid grounds include "any reason which would have been sufficient to deny registration in the first instance," *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 213 (E.D.N.Y. 2007) (citation omitted), *aff'd* 658 F.3d 254 (2d Cir. 2011), such as a mark's resemblance to a previously registered mark causing a likelihood of confusion, 15 U.S.C. § 1052(d). As explained above, plaintiffs have plausibly alleged a likelihood of confusion between defendants' mark and plaintiffs' previously registered mark. *See* pp. 9–10, *supra*.

Defendants principally argue that plaintiffs have not adequately pleaded likelihood of confusion under the 13-factor test set out in *Application of E.I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361 (C.C.P.A. 1973). *See* Mot. to Dismiss 15–20. The Federal Circuit and Trademark Trial and Appeal Board ("TTAB") use the *DuPont* factors to assess likelihood of confusion. *See* 3 McCarthy on Trademarks and Unfair Competition § 21:20 n.16 (5th ed.). But the Second Circuit

14

has set out the *Polaroid* factors as the guideposts for likelihood-of-confusion analysis. *Starbucks Corp.*, 588 F.3d at 114. And the Supreme Court has made clear that district courts should apply the same standards for likelihood of confusion in the contexts of infringement and cancellation. *B & B Hardware,* 575 U.S. at 155 ("There is no reason to think that the same district judge in the same case should apply two separate standards of likelihood of confusion."). Accordingly, in this Circuit, the *Polaroid* factors govern. *See, e.g.*, *Girl Scouts of the United States of Am. v. Boy Scouts of Am.*, 597 F. Supp. 3d 581, 604 (S.D.N.Y. 2022) (cross-applying likelihood of confusion analysis under *Polaroid* factors from infringement claim to cancellation claim); *MPC Franchise, LLC v. Tarntino*, 19 F. Supp. 3d 456, 482 (W.D.N.Y. 2014) (same), *aff'd,* 826 F.3d 653 (2d Cir. 2016); *see also* 3 McCarthy on Trademarks and Unfair Competition § 21:20 n.16 (5th ed.) (explaining that "[w]hen a district court reviews a T.T.A.B. registration decision raising the issue of whether confusion is likely . . . a district court will usually use the factors utilized in that circuit" rather than "the T.T.A.B.-Federal Circuit's factors"). Plaintiffs have adequately pleaded a cancellation claim.

## CONCLUSION

Defendants' motion is granted in part and denied in part. The motion to dismiss or transfer the case on grounds of *forum non conveniens* is denied. The motion to dismiss for failure to state a claim is granted as to plaintiffs' trademark dilution claim but is denied as to all other claims.

**SO ORDERED.**

                                                /s/ Rachel Kovner
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated:       March 31, 2023
               Brooklyn, New York