UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

FIBER-SHIELD INDUSTRIES INC. and
LAVAME LLC,

                Plaintiffs,                          **MEMORANDUM AND ORDER**
                                                                    20-CV-6059 (RPK) (SIL)

      -against-

FABRICSHIELD HOLDINGS, LLC; THE
FABRICSHIELD LLC; RENE
SCHLEICHER; and SCOTT
SCHLEICHER,

                Defendants.
-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      In this action, plaintiffs Fiber-Shield Industries Inc. and Lavame LLC allege trademark infringement and related claims under federal and state law against defendants FabricShield Holdings, LLC and The FabricShield LLC (together, "FabricShield") and Rene and Scott Schleicher (together, the "Individual Defendants"), former and current owners, respectively, of FabricShield. The Individual Defendants have moved to dismiss plaintiffs' claims against them under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint does not adequately plead a basis for individual liability. For the reasons below, the Individual Defendants' motions to dismiss are denied.

## BACKGROUND

      The Court assumes the parties' familiarity with the factual allegations in this case. In short, plaintiffs assert that defendants' fabric-protectant products marketed and sold under the name "FabricShield" infringe on plaintiffs' trademark in their "Fiber-Shield" line of similar products. Earlier in this action, the Court denied FabricShield's motion to dismiss several claims against it:

1

trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and trademark infringement and unfair competition under New York law. *See* Mar. 31, 2023 Mem. & Order (Dkt. #41). Following that order, plaintiffs amended their complaint with leave of court to name Rene and Scott Schleicher as individual defendants in their claims as well. *See* Second Am. Compl. ("SAC") (Dkt. #65).

Plaintiffs' complaint alleges that Rene Schleicher "was an owner and managing member" of FabricShield and that Scott Schleicher is currently FabricShield's "sole owner and managing member." SAC ¶¶ 7–8. Both Individual Defendants are alleged to have "personally participated in and . . . willfully and knowingly directed the wrongful acts of" FabricShield at issue in this case. *Ibid.* Plaintiffs further allege that the FabricShield entities share an address with the Individual Defendants, *id.* ¶¶ 4–5, 7–8, 67, and that the Individual Defendants had "complete control and final say" over FabricShield's operations, *id.* ¶¶ 63–66.

The Individual Defendants, proceeding *pro se*, have moved to dismiss plaintiffs' claims against them. *See* Mem. of L. in Supp. of Mot. to Dismiss Scott Schleicher ("Scott Mot. to Dismiss") (Dkt. #70); Mem. of L. in Supp. of Mot. to Dismiss Rene Schleicher ("Rene Mot. to Dismiss") (Dkt. #99-1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a

2

probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

In reviewing a motion to dismiss, a court may consider only (i) the complaint itself, (ii) documents attached to the complaint or incorporated by reference, (iii) documents the plaintiff both relied on and knew of when bringing suit, and (iv) matters in the public record which are properly subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). On a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Ibid.*

## DISCUSSION

The Individual Defendants motions to dismiss plaintiffs' claims against them are denied. A corporate officer may be held directly liable for trademark infringement and unfair competition if the officer is a "moving, active, conscious force behind the defendant corporation's infringement." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016) (brackets omitted) (quoting *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014)). "A corporate officer is considered a moving, active, conscious force behind a company's infringement when the officer was either the sole shareholder and

3

employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity." *Mayes v. Summit Ent. Corp.*, 287 F. Supp. 3d 200, 211 (E.D.N.Y. 2018) (quotation marks omitted) (quoting *Innovation Ventures*, 176 F. Supp. 3d at 155); *see Pado, Inc. v. SG Trademark Holding Co. LLC*, 537 F. Supp. 3d 414, 428 (E.D.N.Y. 2021) (citing cases).

Plaintiffs have adequately pleaded that the Individual Defendants are individually liable for trademark infringement under the Lanham Act. Their complaint alleges, among other things, that the Individual Defendants were, until recently, joint owners and the sole members of FabricShield, with Scott Schleicher remaining as the current sole owner and member, SAC ¶¶ 7–8; that the FabricShield entities are registered to the Individual Defendants' home address, *id.* ¶ 67; that the Individual Defendants had complete control over FabricShield's operations, including over "all marketing and sales of the goods and services associated with the FABRICSHIELD mark," *id.* ¶ 64; and that the Individual Defendants "personally directed and authorized the creation and distribution of the infringing advertising and promotional materials," *id.* ¶ 66. Drawing all reasonable inferences in plaintiffs' favor, these allegations, taken as true, give rise to a plausible inference that the Individual Defendants were a "moving, active, conscious force" behind FabricShield's allegedly infringing conduct.

For substantially the same reasons, plaintiffs have also adequately alleged that the Individual Defendants are personally liable for their remaining claims under the Lanham Act and New York state law. As discussed in the Court's earlier memorandum and order granting in part and denying in part FabricShield's motion to dismiss, plaintiffs' false designation and unfair competition claims under the Lanham Act and New York state-law trademark infringement and unfair competition are all analyzed under the same framework as plaintiffs' Lanham Act trademark infringement claim. *See* Mar. 31, 2023 Mem. & Order 10, 12–13; *see also Pado, Inc.*, 537 F. Supp.

4

3d at 428 ("Allegations that suffice to plead individual liability under the Lanham Act therefore also suffice to plead individual liability for trademark infringement and unfair competition under New York law.").

In response, both Individual Defendants argue that plaintiffs failed to allege facts that would justify piercing the corporate veil under New York law. In particular, both Individual Defendants argue that they lacked any knowledge or intent as to the allegedly infringing nature of FabricShield's conduct. Scott Mot. to Dismiss 5–6, 8; Rene Mot. to Dismiss 5 (ECF pagination). The proper standard for analyzing individual liability for corporate officers, however, is the "moving, active, conscious force" standard articulated above. Knowledge that their conduct would infringe plaintiffs' trademark, or intent to do so, is not required for personal liability in this context. "[I]n determining whether the officer's acts render him individually liable, it is immaterial whether he knows that his acts will result in an infringement." *Chloe v. Queen Bee of Beverly Hills, LLC*, No. 06-CV-3140 (RJH), 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011) (ellipsis and citation omitted). "A showing that an officer authorized and approved the acts of unfair competition which are the basis of the corporation's liability" is enough. *Ibid.* (brackets, ellipsis, quotation marks, and citation omitted). Plaintiffs' allegations meet this bar.

## CONCLUSION

For the foregoing reasons, the Individual Defendants' motions to dismiss are denied.

SO ORDERED.

                                                           /s/ Rachel Kovner
                                                         RACHEL P. KOVNER
                                                         United States District Judge

Dated: September 20, 2024
       Brooklyn, New York